OMARI TAHIR-GARRETT
PRIVATE ATTORNEY GENERAL
PO BOX 22328
SEATTLE WA 98122

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN SEATTLE AND FOR THE COUNTY OF KING

FILED ___ ENTERED
LODGED ___ RECEIVED
JAN 3 1 2002 MR
AT SEATTLE
CLERK U S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

OMARI TAHIR, a/k/a JAMES, GARRETT

Vs

THE PUBLIC DEFENDER, a washington state corporation 810-3rd Ave 8th floor Seattle, WA 98104
NANCY HORGAN, as individual and in capacity as employee of the public defender
MARK LARRANAGA, as individual and in capacity as employee of the public defender
THE CITY OF SEATTLE, a political subdivision of the State of Washington defendents
KING COUNTY, a political Subdivision of the State of Washington defendents
DAN SOUKUP as individual and King County Prosecutor
GIL KIRLEKOWSKI, as individual and employee of the City of Seattle
JOHN DIAZ, as individual And employee of the City of Seattle.

CV02-0211C

CIVIL RIGHTS COMPAINT FOR REMOVAL AND INJUNCTIVE RELIEF PURSUANT TO 42 U S C SS 1981-85
28 U S C § 1443, § 1446"

**COMPLAINT**

To the United States District Court Western District of Washington at Seattle:

Comes now plaintiff to thhis court for a cause of action against the defendents, alleges as follows·

1 1       This is an action brought by the plaintiff Tahir- Garrett to enjoin and restrain defendents, and declare unconstitutional the acts of defendents and others the abridgement, denial,

CV 02-0211 #1

The abridgement, denial, and deprivation of rights, privileges, and immunities guaranteed to plaintiff under Article VI and the First, Fifth, Sixth, Fourteenth Amendments to the Constitution of the United States; Title 42 United States code SS 1981-85, by defendants, and each of them, who, under color of the state and by authority of their public office, did and continue through callous, willful, malicious, and deliberate gross negligence, perpetuation of custom, practices, and policies, violate plaintiffs rights of due process and equal protection of the law

First though the ruse of Felony Disenfranchisement to deny plaintiff and other similarly situated African American refugees from the African slave trade, the right to vote an African American Heritage Museum and Cultural Center, African Economic base, and furthermore to seek and recover compensatory and punitive damages from those private actors who in concert, and in league with those public officials who, under color of the law and by authority of their public office, and failure to train and to supervise, operating to prejudice the plaintiff and all others similarly situated. Defendants' failure to provide effective assistance of counsel competent to enforce the constitutional, statutory and procedural rights of plaintiff. Defendants knew or should have known that the plaintiff's constitutional rights were being violated Compensatory and punitive damages being sought from the supervisors for not properly training defendants to adequately represent the plaintiff and protect their substantive due process rights; Moreover, the matter in Controversy exceed, exclusive of interest and costs, the sum of ten thousand dollars

1.2 Jurisdiction: of this court is invoked pursuant to Article VI, the First, Fifth, Sixth fourteenth Amendments U.S C., Title 42 U S C §§ 1981-85(2) (C1.2), Title 42 U S.C S 2000bb, brought to redress the deprivation under color of law statue, ordinance, regulation, custom, or usage of rights, and privileges, and immunities secured by the Constitution of the United States and acts of Congress providing for equal rights and Citizens. The rights herein sought to be redressed are rights guaranteed by the due process and equal protection of law clauses of section 1 of the Fourteenth Amendments to the Constitution of the United States and Title 42, U S.C. SS 1981- 85 and Title 42, U.S C. S 2000bb, of the 1993 Religious restoration Act.

## 2. PARTIES

1.3 Omari Tahir Garrett, Plaintiff is a born citizen of the United States as a direct result of the African slave trade claiming African Slave trade refugee status under United Nations conventions on de-colonization, at all times material, plaintiff is an African American Muslim Candidate for Mayor City of Seattle
and Director /Founder of the African American Heritage Museum and Cultural Center, Director and co-founder of the African Heritage Festival and Parade. Currently resides at P.O Box 22328 Seattle, Washington 98122.

Defendants

2

1 11 The Public Defender, a defendant, at all times here in mentioned, defendant The Public Defender, was /is a Corporation pursuant to the laws of Washington Defendant
The Public Defender is being sued as a person within the meaning of Title 42, U S C. SS 1981-85, and Currently maintains and office at 810 –3rd Avenue, 8th floor Seattle, Washington, 98104

1 12 Nancy Horgan, a defendant is a citizen of the United States and of the State of Washington and was at all times relevant to the incidents which are subject of this action At all times material, Defendant is an employee of The Public Defender and Supervisor of Defendant Mark Larranaga Residing at 810-3rd Ave Seattle, Washington 98104.

1 13 Mark Larranga, a defendant, is a citizen of the united states and of the State of Washington and was at all times relevant to the incidents which are the subject of this action. At all times material, Defendant is an employee of the Public Defender, and currently resides at 810- 3rd Ave 8th floor Seattle Washington, 98104.

1.14 City of Seattle, a defendant at all times herein mentioned, Defendant, City of Seattle, was/is a governmental entity and chartered political subdivision with in and pursuant to the laws of the State of Washington. Defendant City of Seattle is being sued as a person within the meaning of Title 42, U S C SS 1981-85, and currently maintains an office at 600 4th Ave 12th Floor Seattle, Washington 98104

1.15 John Diaz, a defendant is a citizen of the United States and of the State of Washington and was at all times relevant to the incidents which are the subject of this action. At all times material, Defendant is a Police officer and employee of Defendant City of Seattle and currently maintains an office at 600-3rd Ave. Seattle, Washington 98104

1 16 Gil Kirlekowski, citizen of United States and of the State of Washington and was at all times relevant to the incidents which are the subject of this action At all times material, defendant was/is employed by the Defendant City of Seattle and maintains an office at 600-3rd Seattle, Washington 98104.

1 17 King County, a defendant at all times herein mentioned defendant, county of king was a governmental entity and chartered political subdivision within and pursuant to the laws of the State of Washington. Defendant County of King is being sued as a person with in the meaning of Title 42, U S C SS 1981-85, and currently maintains an office at 400-3rd Ave. Seattle, Washington 98104

1 18 Dan Soukup, a citizen of the United States and State of Washington. A Deputy Prosecutor and employed by defendant King County and maintains an office at 400-3rd AVE SEATTLE, WASHINGTON 98104.

3

## II
## STATEMENT OF FACTS

2.1  In 1968 liberal American social scientist established that the riots and negative conditions in
the African – American community were the results of African –Americans being economically and culturally deprived by European Settler Colonial Terrorism. See e.g., Kerner Presidential Commission Report  This is historically true; Africans brought to the New World America were stripped of their names, culture, religion and family structure through the use of European Settler Colonial Terrorism  Today governmental agencies including the City of Seattle and King County maintain and perpetuate economic and cultural deprivation in the African American community through discriminatory employment, business practices through Police Terrorism that includes frame ups, brutality and outright murder of unarmed African American males under color of law, in direct violation of the U S. Supreme Courts reinterpretation of the U.S. Constitution and Civil Rights Acts and Laws

## III
## HISTORY

3 1  Since 1969 plaintiff Tahir – Garrett has worked tirelessly to eliminate this cultural And economic deprivation in the African American community as an African history teacher at Seattle's Franklin High School. Plaintiff Tahir – Garrett subsequently founded the successful Anti-Apartheid movement in the Pacific Northwest that fought for the end of Apartheid in South Africa and has repeatedly been unlawfully arrested by the Seattle Police for exercising his constitutional rights.

3.2  Plaintiff Tahir – Garrett has attempted, with limited success, to use the political And legal system to overcome what the Kerner Presidential Commission Report called "pervasive white institutional racism, which is described as Colonialism under international law, and has been a candidate for State Representative 1970, the United States Senate in 1983 and again in 1984, The Seattle School Board (twice) and most recently was mayoral candidate in the 2001 Seattle Municipal Elections when he was accused of assaulting fellow candidate Mayor Paul Schell, and the only candidate for any office to mention terrorism in primary election voter pamphlet.

3.3  Plaintiff Tahir – Garrett because of his uncompromising attack on systematic Violations of his and similarly situated African Americans Civil and Human Rights has been under intense surveillance by the FBI, CIA and the Seattle Police/FBI  COINTELPRO/ WEED AND SEED PROGRAM.

3.4  Plaintiff Tahir – Garrett is currently the registered agent and Vice President of the

4

African American Heritage Museum and Cultural Center, which he founded in 1985, The Vice President of the African American heritage Festival and Parade, the largest annual gathering of the Africans in the Northwest

3.5  Plaintiff has been permanently disabled by the unrelenting political and police harassment, including numerous unlawful arrests, police threats, and judicial lawlessness and is covered under the American Disability Act

## IV
## JURISDICTION

4.1  This action arises under the Constitution and laws of the United States, in that it s states claims under Article VI, and the First, Sixth and Fourteenth Amendments to the U S C. Title VI of the Civil Rights Act of 1964 (42 U S C SS 200d-2000d-7) and its implementing regulations; and Title 42 U.S.C $\S\S$ 1981-85 (2) (C1.2), J Jurisdiction of this court invoked pursuant 28 U.S.C. $ 1331 $1443 and S 1446 ( procedure for removal ) and American Disabilities Act

## V
## FACTS OF COUNT ONE

5.1  On July 7, 2001 Plaintiff Tahir – Garrett was arrested for assault. Police officers John Diaz and Gil Kirlekowski under color of law knowing made false statements That Tahir- Garrett struck victim with a mega phone (bullhorn) causing plaintiff Tahir – Garrett to be charged with striking the mayor with deadly weapon (i e. Mega phone / bullhorn) a violation of plaintiff Tahir – Garrett's Civil Rights

## VI
## FACTS OF COUNT TWO

6.1  In first court appearance plaintiff Tahir – Garrett appeared in chains pro se and upon informing court of his pro se status, Judge Kato. Stated "I don't want to hear a political speech."(Violation of plaintiff free speech.) When Plaintiff move challenge the courts jurisdiction, Judge Kato had plaintiff thrown in solitary confinement, and charged defendant with disrupting the court, which was not supported by audio or visual recording (In violation of Plaintiff Tahir – Garrett's Civil Rights.)

6.2  In plaintiffs absence Judge Kato appointed a Public Defender Lisa Daugaard as plaintiff attorney. Attorney Daugaard subsequently filed motion to unshackle

defendant in court and motion for habeas corpus and corrected false media reports that plaintiff Tahir – Garrett acted in a disruptive manner.

6.3  In next court appearance July 9, 2001 plaintiff – Tahir was given excessive hostage bail for assault in the second degree (Violation of plaintiff Tahir - Garrett's Civil Rights.) In subsequent court appearance Plaintiff Tahir – Garrett's bail was reduced to the reasonable amount of $25,000 for second degree assault.

## VII
## FACTS OF COUNT THREE

7 1    On July 23 plaintiff Tahir – Garrett was arraigned and charged by the complaint and speedy right expiration trial date set for October 12, 2001 and court in violation of plaintiffs Tahir- Garrett's Constitutional right to self representation, accepted the Public Defender Attorney Mark Larranaga as plaintiffs attorney against plaintiffs wishes

"(a) A lawyer shall keep a client reasonabley informed about the status of a matter and promptly comply with reasonalbe request for imformation

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding presentation

7 2   On jan 4, 2002 Plaintiff Tahir-garrett appeared in court and reinterated and demanded his constitutional right to self-representation and a speedy and public trial and was again denied for the fourth time by the court

7.3   . On jan 24, 2002 Plaintiff and public defender Larranaga appeared in court in front of Judge Trickey on a motion to dismiss of charge against plaintiff based on courts repeated arbitrary denial of plaintiffs right to self-representation and violation of plaintiffs speedy right expiration date of Jan 14, 2002 . In first request by plaintiff on july 8th Judge Kato had plaintiff chained and locked Plaintiff in solitary confinement after stating she "did not want to hear a political speech", when Plaintiff moved to challenge courts jurisdiction, in violation of Plaintiff's right to self-representation and right to free speech.

7.4 Judge Trickey denied Plaintiff's motion to dismiss stating "it was an appeallant issue Prosecutor Soukup stated that audio of Plaintiff's first court appearance was inaudible and restated under color of law that Plaintiff had disrupted court (see Attorney Daugaard's motion for Writ of Habeas Corpus) which Soukup also told major media in attempt to prejudice Jury pool and electorate against Seattle Mayoral candidate Tahir-Garrett. Judge Trickey's denial of Plaintiff's motion to dismiss was a direct violation of Plaintiffs 14th Amendment right to equal protection of the laws.

6

## VII
## FACTS OF COUNT FOUR

8.0 On August 6, 2001 plaintiff Tahir-Garrett was forced to sign and order extending speedy right expiration date to November 11, 2001 because Public Defender Larranaga was not prepared for the trial because of excessive case load assigned to him by defendant supervisor Nancy Horgan.

8.1 On July 23, 2001 Michael Fuller a nationally known advocate for homeless veterans testify as character witness on behalf of Vietnam Veteran Tahir- Garrett. As a result Mr. Fuller was approached by King County Officers and told he could not enter the King County Court House without "official business" there. Since Mr Fuller's testimony on plaintiff's behalf was in manner that was completely appropriate, the King County Officers and King County instructions to Mr. Fuller are a violation to Plaintiffs Fifth Amendment right to a public trial.

8.2 On October 24, 2001 plaintiff-Tahir-Garrett was again forced to sign a Time for Trial Extension setting speedy right expiration date for January 14, 20012 because Defender Mark Larranaga was not ready for trial because of excessive case load assigned to him by supervisor Nancy Horgan.

8.3 On December 21, 2002 plaintiff Tahir- Garrett again reiterated and demanded his constitutional right to self representation in front of Judge North.

8 4 At hearing on Jan 2, 2002 plaintiff Tahir- Garrett again reiterated and demanded constitutional right to self representation and stated that he would have been ready for trial under original Speedy Right Expiration Date of October 12, 2001 since he had all of the details in his head and defense strategy and only needed to interview States witnesses As of 2 Jan 2002 Public Defender Larranaga had never

met with plaintiff Tahir- Garrett in Larranaga's office to discuss witnesses, evidence or strategy. Plaintiff was again denied his constitutional right to self representation and sixth Amendment right to speedy and Public Trial Judge Ramsdell ordered Public Defender to meet with plaintiff and follow plaintiff instructions with respect to his representation

8.5 Plaintiff Tahir- Garrett met for first time in Public Defender Larranga's office and present Defendant Larranga a letter of inquiry and instruction to document Defendant Larranaga's refusal to communicate with plaintiff in conference or in writing in violation of ABA Rule 1 4 communication. (see para 7.1 above).

7

COUNT No 1 Denial of Substantive Due Process

9 1 Plaintiff repeats and realleges the allegations of paragraph 1-7 8 above as if fully set forth herein

9.2 The Public Defender, Nancy Horgan, Mark Larrranaga, King County, King County Posecutor Dan Soukup, City of Seattle, John Diaz and Gil Kirlekowski, the above herein described act sof defendants, and each of them as alleged in paragraph 1-7 8 above violated the Civil Rights, privileges, and immunities secured to plaintiff under Article VI, the First, Fifth, Sixth and Fourteenth Amendments to the constitution of the United States and therfore, are violative of Title 42U S.C. SS1981-1985, by the acts and descriptions of acts that plaintiff alleges and realleges in paragraph 1-7 8 which they reinterate and restate here with the same force and effect as if fully set forothe herein.

COUNT No. 2 Denial of Equal Protection of The Law

9.3 Plaintiff repeats and realleges the allegations of paragraphs 1-9 2 above as if fully setforth here in.

9 4 The Public Defender, Nancy Horgan, Mark Larrenaga, King County, Dan Soukup, City of Seattle, John Diaz and Gil Kirlekowski, the herein above described acts of defendants, and each of them, alleges in paragraph 1-9.2 above violated the Civil Rights, priviliges, and immunities secured to Plaintiff under Article VI, the First, Fifth, Sixth and Fourteenth Amendments to the Constitutiion of theUnited States and therfore violative of Title 42 U S.C.§§ 1981-1985, by acts and descriptions of acts that Plaintiff alleges and realleges in paragraphs 1-9.3 which they reinterate and restate here with the same force and effect as if fully set for the herein.

8

COUNT No. 3 Denial of Effective Assitance of Counsel

9 5 Plaintiff repeats and realleges the allegations of paragraph 1- 9 5 above as if fully set forth herein

9 6 The Public Defender, Nancy Horgan, Mark Larranaga, King County, King County prosecutor Dan Soukup, City of Seattle, John Diaz and Gil Kirlekowski, the herein above described acts of defendants, and each of them, alleges in paragraaph 1- 9 4 above, violated the Civil Rights, priviliges, and immunities secured to Plaintiff under Article VI, the First, Fifth, Sixth and Fourteenth Admendments to US Constitution and therfore violative of Title 42 U S C 1981-1985, by acts and descriptions of acts that plaintiff alleges an realleges in paragraphs 1-9.5 which they reinterate and restate herein

COUNT No 4 Discrimination Based on Racial Animus

9.7 Plaintiff repeats and realleges the allegations of paragraph 1- 9.6 above as if fully set forth herein

9.8 The Public defender, Nancy Horgan., Mark Larranaga, King County, King County Prosecutor Dan Soukup, City of Seattle, John Diaz, and Gil Kirlekowski, the herin above described acts of defendants, and each of them, alleges in paragraph 1- 9.7 above, violated the Civil Rights, privileges, and immunities secured to plaintiff under Article VI, the First, Fifth, Sixth and Fourteenth Admendments to the US Constitutiion and therefore violative of Title 42 U S C 1981-1985, by acts and descriptions of acts that plaintiff alleges and reallegesin paragraphs 1- 9 7which they reinterate and restate here with the same force and effect as if ful ly set for the herein.

## LEGAL ARGUMENT

9.9 Mr Garrett argues submits the charge against him should be dismissed pursuant to CrR 8 3 (b) The argument is based on the court's denial of his initial request to proceed pro se, which in turn required appointment of counsel, and appointed counsel was unable to prepare in a timely matter Thus, Mr Garrett was cornered into the untenable position to either proceed with ineffective assistance of counsel or, over his objection, have his speedy trial extended.

## LEGAL BASIS

A  Right To Proceed Pro Se

9 10 The Washington State Constitution expressly guarantees one's right to self-representation. "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel " Wash Const Art. I, Sec 22 (amend 10) This right is also grounded in the federal constitution See Faretta v California, 422 U S 806, 819, 95 S Ct 2525, 45 L Ed. 2d 562 (1975) (declaring that a defendant has a federal constitutional right to self-representation).

In State v Fritz, 21 Wn App 354, 585 P 2d 173 (1978) *review denied*, 92 Wn.2d 1002 (1979), the court stated the following principles relevant to a defendant's right to proceed pro se

> "A criminal defendant has an independent constitutional right to represent himself or herself without the assistance of legal counsel  The defendant must request the exercise of this right, and the court is not initially required to advise a defendant of the existence of the right  The request or demand to defend pro se must be knowingly and intelligently made, and must be unequivocal and it must be timely, i.e., it may not be used to delay one's trial or obstruct justice  The right of self-representation cannot be permitted to justify a defendant's disrupting a hearing or trial, or as a license to a pro se defendant not to comply with rules of procedural and substantive law "

State v Fritz, 21 Wn App at 358-64 (1978)

Fritz also discussed the general rule regarding the timeliness of such a motion.

> The cases which have considered the timeliness of a proper demand for self-representation have generally held  (a) if made well before the trial    and

unaccompanied by a motion for continuance, the right of self-representation exists as a matter of law, (b) if made as the trial is about to commence, or shortly before, the existence of the right depends on the facts of the particular case with a measure of discretion reposing in the trial court in the matter, and (c) if made during the trial the right to proceed pro se rests largely in the informed discretion of the trial court

State v. Fritz, 21 Wn App at 361 (1978); see also State v. Breedlove, 79 Wn 101, 106, 900 P 2d 586 (1995)

9.11 Finally, Washington courts have recognized that the timeliness requirement should not operate as a bar to a defendant's right to defend pro se.

> [The] imposition of a 'reasonable time' requirement should [*110] not be and, indeed, must not be used as a means of limiting the defendant's *constitutional* right to self-representation We intend only that a defendant should not be allowed to misuse the *Faretta* mandate as a means to unjustifiably delay a scheduled trial or to obstruct the orderly administration of justice . When the lateness of the request and even the necessity of a continuance can be reasonably justified the request should be granted

State v. Breedlove 79 Wn at109-110, citing State v. Fritz, 21 Wn.App 354, 585 P 2d 173 (1978)

9.12 In short a defendant's right to proceed pro se rests with a balancing analysis between the defendant's interest in self-representation and society's interest in the orderly administration of justice The defendant's right to proceed pro se is at its strongest before trial begins, but once the trial begins, the interest in the orderly administration of justice becomes heavier to overcome

9.13 Here, Garrett has requested to proceed pro se on at least two occasions, which both times have been denied First, Garrett sought self-representation at his first appearance, but the court, without any colloquy or discussion, denied his request Most recently, on January 2, 2002, Garrett raised his request to proceed pro se, but again the court denied his request Clearly, Garrett has sought to proceed pro se early in the proceedings, but has been denied his right to self-representation

B. Right to Speedy Trial

9.14 The Sixth Amendment of the United States Constitution guarantee a defendant's right to a speedy trial Additionally, Criminal Rule (CrR) 3 3 states

> Responsibility of Court It shall be the responsibility of the court to ensure a trial in accordance with this rule to each person charged with having committed a crime (b) Precedence Over Civil Cases Criminal trials shall take precedence over civil trials (c) Time for Arraignment and Trial (1) Cases Filed Directly in Superior Court If the defendant is detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed directly in superior court. If the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment.

9.15 Under CrR 3 3(h), there may be continuances of the expiration may be granted upon a motion of the State, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of he defense

9.16 On January 4 2002 defense counsel moved the court continue the trial, and thus the expiration, over Garrett's objection The basis for the motion was to allow defense counsel the opportunity to conclude investigation and interview witnesses Garrett objected to the motion arguing the court's denial of his right to proceed pro se has forced him to choose between "extending" his speedy trial rights or proceed with counsel not prepared for trial

C  <u>CrR 8 3(b)</u>

Criminal Rule (CrR) 8 3(b) states

> On Motion of Court The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial The court shall set forth its reasons in a written order

9.17 Two things must be shown before a court can require dismissal of charges pursuant to CrR 8 3(b) First, a defendant must show arbitrary action or governmental misconduct <u>State v. Michielli</u>, 132 Wn2d 229, 937 P 2d 587 (1997), citing <u>State v Blackwell</u>, 120 Wn.2d 822, 845 P 2d 1017 (1993) Second, the defendant must show he/she is prejudice, which affects the defendant's right to a fair trial. <u>State v Cannon</u>, 130 Wn 2d 313, 922 P.2d 1293 (1996)

9.18 "Arbitrary" is defined as being "without cause based upon the law, not governed by any fixed rules or standards " <u>Black's Law Dictionary</u>, Abridged Fifth Edition (1983) Here, Mr Garrett requested the court at his initial appearance to be allowed to proceed pro se, again on December 21, 2001 and a third time on January 2, 2002 At these hearings, his motion was either not heard or denied The court, at his initial appearance, denied him the opportunity to proceed pro se, which was arbitrary and without a legal basis In fact, no colloquy was conducted at all

9 20 Next, Mr Garrett suffered prejudice by being forced to choose between his right to a speedy trial and his right to effective assistance of counsel Mr Garrett argues that due to the court's failure to allow him to proceed pro se from the beginning, he was forced to have an attorney appointed His appointed attorney was unable to accomplish the necessary investigation, interviews, and case preparation before the December 21, 2001 Omnibus Hearing Therefore, at that time, Mr Garrett reinstated his motion to proceed pro se At the next scheduled hearing

(January 2, 2002) Mr Garrett requested to proceed pro se, but was denied. On January 4, 2002 the court granted a motion, over his objection, to extend the trial date and expiration

9.21 A defendant being forced to waive his speedy trial right is not trivial event In fact, Washington courts have stated "as a matter of public policy, has chosen to establish speedy trial time limits by court rule and to provide that failure to comply therewith requires dismissal of the charge with prejudice ` State v Duggins, 68 Wn.App 396, 844 P 2d 441 (1993)

### III   CONCLUSION

9.22 The defense moves the court to dismiss the charge pursuant to CrR 8 3(b) Mr Garrett has a Federal and State Constitutional right to self-representation This personal right is at its strongest earlier in the proceedings, and becomes weaker as the trial becomes nearer Mr Garrett requested to proceed pro se at his initial appearance, but without the benefit of a colloquy, was denied Due to this denial, an attorney was appointed to represent him On December 21, 2001, at the Omnibus Hearing, defense was not ready to proceed to trial Mr. Garrett restated his desire to represent himself but the court concluded the motion should be heard before Presiding

9.23 On January 2 2002 before Presiding, Mr Garrett again asked the court to proceed pro se, which was denied At the January 4, 2002 Omnibus Hearing, defense counsel sought, over Mr Garrett's objection a continuance of the trial and expiration date The court concluded there was "good cause" to continue the trial and expiration date over the Mr Garrett's objection

9.24 Because Mr Garrett was initially denied his right to represent himself arbitrarily, he was prejudiced into a position to either "waive" speedy trial or proceed with ineffective assistance of counsel Therefore the charge should be dismissed pursuant to CrR 8 3(b).

ORIGINAL

## EQUITABLE RELIEF REQUESTED

Plaintiff Tahir-Garrett repeats and realleges the allegations of paragraph one through 9 7 above as fully set forth herein

There is a real and actual controversy between the parties and plaintiff has no complete and adequate remedy of law other than this action for declaratory and injunctive relief. Plaintiff is suffering irreparable injury as a result of the violations complained herein and the injury will continue unless declared to be unlawful and enjoined by this court

## PRAYER FOR RELIEF
## AS TO EACH CAUSE OF ACTION

1. Removal of State action against plaintiff that gives rise to this complaint to Federal Court and for the Federal Court to take Jurisdiction of this case

2. Adjudging, decreeing, and declaring the rights and other legal remedies of the subject matter herein controversy, in order that such declarations shall have the force of final judgment

3. A declatory judgment that the policies, practices, and acts complain herein are illegal and unconstitutional.

4. An order dismissing charge against plaintiff for violation of plaintiffs Constitutional right to speedy trial, self representation and right to free speech

WHERE FORE, Plaintiff respectfully pray that upon the filing of this complaint this Court advances this case on the docket and order a speedy hearing of same and that defendants be summoned to appear and answer herein, and upon said hearing, this court enters judgment as follows

Awarding compensatory damages to plaintiffs in the sum of all actual and special damages thereto suffered by Plaintiffs, the sum that as of now not less than the sum of one million dollars from each defendant, as such actual and special damages are continuously being suffered by the plaintiffs due to the defendants' wrongdoing, and moreover, any all third-party claims arising from proximate injury that they may be lawfully asserted in this action, against each of the defendants, jointly and severally, plus attorney fees, cost, and disbursements in accord with the laws, plus the cost of this action, and such other and further additional or alternative relief that this Court may deem just, proper, and equitable.

*Omari Tahir-Garrett*
PRIVATE ATTORNEY GENERAL
JAN 29, 2002
DATE

15